IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER THURMOND;<br>KATHY MULL; JEANNE RYAN;<br>LEMUEL D. ACOSTA; and MARIA E.<br>VENTRELLA, individually and on behalf<br>of all others similarly situated | : | |
| Plaintiffs, | | CIVIL ACTION |
| | : | NO. 11-1352 |
| v. | | |
| | : | |
| SUNTRUST BANKS, INC.; SUNTRUST<br>BANK; SUNTRUST MORTGAGE, INC.;<br>and TWIN RIVERS INSURANCE<br>COMPANY | : | |
| Defendants. | | |

**MEMORANDUM**

**Jones, II    J.**                                                    **June 26, 2014**

## I.    INTRODUCTION

Plaintiffs Christopher Thurmond, Kathy Mull, Jeanne Ryan, Lemuel D. Acosta, and

Maria E. Ventrella ("Plaintiffs") are homeowners who come before this Court alleging that their

Mortgage Broker, SunTrust Mortgage, Inc., violated the Real Estate Settlement Procedures Act

of 1974 ("RESPA") by accepting illegal kickbacks through a captive reinsurance scheme.[1]

Plaintiffs' First Amended Complaint further alleges violations of RESPA's anti-kickback

provisions by the captive reinsurer, Twin Rivers Insurance Company ("Twin Rivers"), and the

corporate parents of both companies, SunTrust Banks, Inc. and SunTrust Bank.  Additionally,

Plaintiffs allege common law claims of Unjust Enrichment against Defendants and lastly,

---

[1]   The allegations currently before this Court are brought via Plaintiffs' First Amended
Class Action Complaint (Doc. No. 62).

1

Plaintiffs Lemuel D. Acosta and Maria E. Ventrella ("California Plaintiffs") allege violations of California's Unfair Competition Law.

Defendants have filed a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (7), asserting Plaintiffs' claims are barred by the applicable statute of limitations, their Amended Complaint contains insufficient factual allegations regarding the equitable tolling of Plaintiffs' claims, and Plaintiffs' failure to join a necessary party.[2]  For the reasons set forth below, Defendants' Motion will be granted in part and denied in part without prejudice.

## II.   BACKGROUND

Plaintiffs are homeowners in Pennsylvania and California who secured mortgages through Defendant SunTrust Mortgage in 2007 and 2008.  (First Am. Compl. ¶¶ 15-18). Plaintiffs were required to have private mortgage insurance to cover any amount borrowed in excess of 80% of the value of their home.  (*Id*. at ¶ 3).  Plaintiffs Thurmond, Ryan, Acosta and Ventrella opted for buyer-paid mortgage insurance.  (*Id*. at ¶¶ 16-18).  Plaintiff Mull opted for lender-paid mortgage insurance.  (*Id*. at ¶ 15).  At closing, Plaintiffs were informed of the potential for their private mortgage insurance to be reinsured by an affiliate of SunTrust Mortgage in what is known as "captive reinsurance."  (*Id*. at Exs. 21-23).  Plaintiffs acknowledged the potential for their private mortgage insurance to be reinsured by a captive reinsurer.  (*Id*.)

In January 2011, Plaintiffs began to uncover facts they allege alerted them to potential violations of RESPA by Defendants associated with the reinsurance agreements.  (First Am.

---

[2] In addition to all Responses and Replies regarding Defendants' Motion to Dismiss, this Court also takes note of the numerous filings by both sides, generally entitled "Notice of Supplemental Authority" or "Response to Notice of Supplemental Authority." (Doc. Nos. 69, 71-72, 74-80, 82).

Compl. ¶¶ 125-126).  All Plaintiffs claim they were only able to discover these potential

violations "with the assistance of counsel."  (Am. Compl. ¶ 125).  On February 25, 2011,

Plaintiffs commenced the instant action.  (*Id*. at ¶ 127; Doc. No. 1).[3]

## III.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation

marks omitted).  After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing

*Twombly*, 550 U.S. at 556).  This standard, which applies to all civil cases, "asks for more than a

sheer possibility that a defendant has acted unlawfully."  *Id.* at 678; *accord Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an

unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks

omitted).

---

[3] Subsequent to the filing of Plaintiff first Complaint, this matter was placed in suspense status pending a ruling by the Supreme Court on issues related to this case.  However, certiorari was later dismissed as improvidently granted.  Thereafter, Plaintiffs filed their Amended Complaint and the within Motion to Dismiss followed.

## IV.    DISCUSSION

### A.    Plaintiffs' First Amended Complaint Contains Sufficient Allegations to Preliminarily Establish That Equitable Tolling *May* Apply to Their RESPA Claims

Plaintiffs' RESPA claim generally alleges that Defendants' captive insurance agreements violated RESPA's anti-kickback provision, as codified in 12 U.S.C. § 2607.  (First Am. Compl. ¶ 155).  Claims under Section 2607 are subject to a one-year statute of limitations.  12 U.S.C. § 2614.  In a Section 2607 claim, the violation of RESPA occurs - and the statute of limitations begins to run - on the date of closing and/or settlement.  *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 281 (3d Cir. 2010).  Both parties agree the loans underlying Plaintiffs' claims had closing dates between 2007 and 2008. (First Am. Compl. ¶¶ 15-18; Defs.' Mot. Dismiss 11-12). Accordingly, Plaintiffs' RESPA claims are barred by Section 2614's statute of limitations absent a justification sufficient to require tolling the statute of limitations.[4]

Equitable tolling is an equitable remedy designed to prevent a defendant from coaxing a plaintiff into inaction and later invoking the statute of limitation as a defense to the defendant's actions.  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1389 (3d Cir. 1994) (citing *LaVallee Northside Civic Ass'n v. Coastal Zone Management*, 866 F.2d 616, 625 (3d Cir.1989)).  Equitable tolling is an extraordinary remedy that should be extended only sparingly. *Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012).  Therefore, it "is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair." *Petroleos*

---

[4] Defendants argue that RESPA's statute of limitations is jurisdictional, therefore equitable tolling cannot apply.  However, courts within this Circuit have held otherwise and this Court shall proceed accordingly.  *See, Cunningham v. M&T Bank Corp.*, Civ. No. 12-1238, 2013 U.S. Dist. LEXIS 155478, at *9 (M.D. Pa. Oct. 30, 2013) ("Although the Circuit has never directly endorsed equitable tolling in a RESPA case, an overwhelming majority of authority supports its application"); *White v. PNC Fin. Servs. Group*, Civ. No. 11-7928, 2013 U.S. Dist. LEXIS 86650, at * 9-10 n. 4 (E.D. Pa. June 20, 2013) (same).

*Mexicanos Refinacion v. M/T KING A*, 554 F.3d 99, 110 (3d Cir. 2009) (internal quotation omitted).

   Where, as here, a plaintiff's claim of equitable tolling flows from a defendant's allegedly misleading actions, three distinct elements must be established. *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006). First, the defendant must have actively misled the plaintiff by engaging in fraudulent concealment. *Id.*[5] Second, a defendant's misleading actions must have prevented the plaintiff from recognizing the validity of his or her claim before the statute of limitations expired. *Id.* Finally, a plaintiff's ignorance as to his or her claim may not be attributable to a lack of reasonable due diligence in attempting to uncover facts relevant to the claim. *Id.* A plaintiff bears the burden of proving these elements. *Estate of Miller ex rel. Miller v. Hudson*, 528 F. App'x 238, 241 (3d Cir. 2013) (citing *In re Cmty. Bank of N. Va.*, 622 F.3d at 292 and *Forbes v. Eagleson*, 228 F.3d 471, 486–87 (3d Cir. 2000)).  Regardless of the inequitable circumstances that might entitle a plaintiff to tolling, said plaintiff "must show that [he or] she 'exercised reasonable diligence in investigating and bringing' [his or] her claims." *Handley v. Chase Bank USA NA*, 387 F. App'x 166, 170 (3d Cir. 2010) (quoting *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618-619 (3d Cir.1998)).  The diligence standard is objective and will toll the statute of limitations only as long as a person in the plaintiff's position with reasonably prudent regard for his or her rights would have remained unaware of the defendant's deception. *Oshiver*, 38 F.3d at 1392.  The statute begins to run when this reasonable person would have knowledge of the facts supporting a cause of action. *Id.* at 1390.

---

[5] "Fraudulent concealment is an equitable doctrine that is read into every federal statute of limitations." *Menichino v. Citibank, N.A.*, Civ. No. 12-00058, 2014 U.S. Dist. LEXIS 13940, at *9 n.2 (W.D. Pa. Feb. 5, 2014) (citing *Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239, 256 (3d Cir. 2001)).  As such, the underlying fraud must be alleged with particularity. *Estate of Miller ex rel. Miller v. Hudson*, 528 F. App'x 238, 241 (3d Cir. 2013).

Taken as true, this Court cannot conclusively determine at this time that the claims contained within Plaintiffs' First Amended Complaint are entitled to equitable tolling.  (First Am. Compl. ¶¶ 96-127).  Plaintiffs allege in pertinent part that "[b]ecause the captive reinsurance arrangement was misrepresented and they were not accurately informed who their Private Mortgage Insurer and/or reinsurer were, they were not on notice of their claims."  (First Am. Compl. ¶ 110).  Additionally, Plaintiffs claim that "[n]othing provided to Plaintiffs could sufficiently put them on notice that anything improper or actionable may have occurred with respect to any underlying reinsurance agreements or that their rights under RESPA may have been violated."  (First Am. Compl. ¶ 124).  In further support of their averments and in an effort to demonstrate that they were actively misled and thereby prevented from recognizing the validity of their claim, they attach copies of the documentation to which they refer, including the disclosures that affirmatively assure Plaintiffs the reinsurance agreements "will not increase the amount [Plaintiff] will owe for [Mortgage Insurance]..." (First Am. Compl. Exs. 21-23).  Finally, Plaintiffs' allege their purported diligence through participation in the loan process and subsequent review of loan documents given to them by Defendants.  (First Am. Compl. ¶ 121).  They claim that once they discovered "the underlying possible basis for bringing the claims alleged . . . with the assistance of counsel[,]" they "acted reasonably and pursued their claims in a timely manner by filing a lawsuit in this Court."  (First Am. Compl. ¶¶ 126-127).

Defendants argue Plaintiffs have not sufficiently alleged that they "reviewed, understood, and relied upon the challenged mortgage document to their detriment, and that is why they did not discover their claims in a timely fashion."  (Defs.' Reply 11).  Although this Court does see the potential merit of Defendants' argument and finds the due diligence aspect of Plaintiffs' equitable tolling theory most troubling, it may not – based upon the record as it now exists -

make this necessary factual determination.  For this reason, Defendants' Motion to Dismiss Plaintiffs' RESPA claim on the basis timeliness shall be denied without prejudice and discovery shall be permitted regarding the issue of equitable tolling.

###### B.    Unjust Enrichment

Defendants next seek dismissal on Plaintiffs' unjust enrichment claims, asserting: (1) said claims constitute an "end run" around RESPA and are similarly untimely; and (2) Plaintiffs have failed to plead facts sufficient to potentially sustain their claim.

Preliminarily, to the extent Plaintiffs Acosta and Ventrella's claims were filed outside the statute of limitations, insufficient facts of record currently exist to determine whether or not equitable tolling might apply to said Plaintiffs' claims.

To the extent Plaintiffs Thurmond, Mull and Ryan appear to have filed their claim within the four-year statute of limitations proscribed by the laws of Pennsylvania and Defendants do not argue otherwise, the propriety of equitable tolling is not an issue with regard to these Plaintiffs' unjust enrichment claim.  Inasmuch as said claim is entitled to exist independently from the Plaintiffs' RESPA claim if it is timely and sufficiently pled,[6] Plaintiffs' Complaint must contain facts sufficient to plausibly find: (1) they conferred a benefit on Defendants; (2) Defendants appreciated the benefit; and (3) the circumstances make Defendants' acceptance and retention of the benefit inequitable without paying for the value of the benefits.  *Com. ex rel. Pappert v. TAP Pharm. Products, Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005).

---

[6]    *See Cunningham v. M&T Bank Corp.*, Civ. No. 12-1238, 2013 U.S. Dist. LEXIS 155478, at *24-25 (M.D. Pa. Oct. 30, 2013) (rejecting argument that plaintiffs' common law unjust enrichment claims are coextensive with their RESPA claims where evidence could potentially show that the acts complained of were not the subject of the contract between the parties).

A defendant need not directly receive the benefit, nor is a defendant's acceptance of the benefit required to be intentional. *Id.* at 1138; *see also Global Ground Support, LLC v. Glazer Enterprises, Inc.*, 581 F. Supp. 2d 669, 676 (E.D. Pa. 2008) (recognizing that "[t]he claim of unjust enrichment simply requires that plaintiff 'confer' benefits on a defendant; it does not require that plaintiff 'directly confer' those benefits." (quoting *Baker v. Family Credit Counseling Corp.* 440 F. Supp.2d 392, 420 (E.D. Pa. 2006)). Rather, "the focus remains on the question of whether the defendant has been unjustly enriched." *Pappert*, 885 A. 2d at 1137 (citing *Torchia v. Torchia*, 499 A.2d 581, 582 (Pa. Super. Ct. 1985)). However, the fact that a defendant ultimately benefits from the actions of a plaintiff, does not necessarily establish the defendant has been enriched <u>unjustly</u>. *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.,* 933 A.2d 664, 669 (Pa. Super. Ct. 2007).

A plaintiff ultimately bears the burden of establishing a defendant received a benefit, actively or passively. *Pappert*, 885 A.2d at 1137. The sufficiency of unjust enrichment claims do not hinge on the likelihood that a plaintiff will be able to ultimately prove his or her damages, just that damages would be ultimately available under plaintiff's allegations. *Id.*

### i. Defendant SunTrust Mortgage, Inc.

Defendant SunTrust Mortgage, Inc. is the only defendant who has ever directly contracted with any of the plaintiffs. (First Am. Compl. ¶¶15-18). Where an express contract governs the party's relationship, an unjust enrichment claim is typically unavailable. *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987); *but see Berger v. Zeghibe*, 465 F. App'x 174, 185 (3d Cir. 2012) *cert. denied,* 133 S. Ct. 860 (2013) (Pennsylvania law recognizes unjust enrichment claims to the extent that actions taken beyond the contract unjustly enrich the party). Both Plaintiffs and Defendants have attached to their pleadings portions of the

8

contracts that existed between the parties regarding this matter.  (First Am. Compl. Exs. 21-24; Defs.' Mot. Dismiss Exs. 1-8).  To the extent these documents clarify the nature of the contractual relationship between Plaintiffs and Defendants in relation to Plaintiffs' claim for unjust enrichment, this Court will examine each separately.

### a.      Kathy Mull v. SunTrust Mortgage, Inc.

Plaintiff Kathy Mull sought and obtained a loan from Defendant SunTrust Mortgage, Inc. on May 7, 2008.  (First Am. Compl. ¶ 15).  In connection with Mull's loan, Defendants required private mortgage insurance to be purchased.  (*Id*. at ¶ 15).  Mull opted for "lender paid mortgage insurance"[7] as opposed to "applicant paid mortgage insurance."  (*Id*. at Ex. 24); *See also* 12 U.S.C. § 4905 (governing disclosure requirements for lender-paid mortgage insurance).  Mull's choice increased the overall interest rate of her loan with SunTrust Mortgage, Inc., rather than requiring her to make separate monthly private mortgage insurance payments. (*Id*. at ¶ 15).

Mull's selection of lender paid mortgage insurance precludes her unjust enrichment claim against SunTrust Mortgage.  The express terms of Mull's mortgage agreement with SunTrust Mortgage provide that she did not pay for private mortgage insurance.  (*Id*. at Ex. 24).  Instead, Mull elected to make SunTrust Mortgage responsible for procuring, and paying for, private mortgage insurance on terms acceptable to them. The cost ultimately paid by SunTrust Mortgage, Inc. for private mortgage insurance did not affect the amount Mull paid each month.

In this way, Mull's claims are analogous to those in *Wilson Area School District v. Skepton*, 860 A.2d 625, 629 (Pa. Commw. Ct. 2004).  In *Skepton*, the defendants were successful bidders on construction contracts for improvements to school facilities.  *Id*. at 627.  Included in

---

[7] Lender paid mortgage insurance obligates the lender pays the private mortgage premiums instead of the borrower.  In exchange for forgoing monthly private mortgage insurance payments, the borrower is charged a higher interest rate by the lender.

the defendants' low bids were estimated costs to secure construct permits. *Id.* at 627-628. The defendants later successfully challenged the exorbitant permit fees charged by local authorities and paid substantially less for the permits than the estimated permit costs charged to the school district. *Id.* The school district then sued the defendants to recover the difference in estimated permit costs and the actual, lower, costs. *Id.* at 628-629.

The Commonwealth Court rejected the school district's arguments, finding the defendants "were not unjustly enriched because they did not have the contractual obligation to return any cost savings to the [plaintiff]." *Id.* at 631 (internal quotation omitted). The permit fees estimated were merely part of the defendants' composite bid for the work. *Id.* Variance from the estimated permit costs did not entitle either party to readjust the amounts paid under the terms of their contract. *Id.* at 629 (citing *Planters Nut & Chocolate Co. v. Brown–Murray Co.*, 128 Pa.Super. 239, 193 A. 381, 384 (1937)).

In this case, Plaintiff Mull contracted with SunTrust Mortgage to increase monthly interest payments in return for <u>not</u> having to purchase private mortgage insurance. Defendants' ultimate purchase of private mortgage insurance – regardless of whether or not that purchase was illegal or the costs were inequitably inflated - does not affect what Mull bargained for. Because SunTrust Mortgage, Inc. did not exceed the scope of their contract with Mull, her unjust enrichment claim fails. *Hershey Foods*, 828 F.2d at 999.

### b.    Plaintiffs Thurmond & Ryan v. SunTrust Mortgage, Inc.

Unlike Kathy Mull, Plaintiffs Thurmond and Ryan opted for applicant-paid mortgage insurance. (First Am. Compl. ¶¶ 16-18). Inasmuch as their mortgages do not appear to constitute contracts for the actual provision of mortgage insurance, said Plaintiffs' unjust enrichment claims are not "on the same subject," as their express mortgage contract with

SunTrust Mortgage, Inc.  Accordingly, this Court finds that on the face of their First Amended Complaint, Plaintiffs Thurmond and Ryan's allegations sufficiently state a claim for unjust enrichment.

> **c.      Plaintiffs Thurmond, Ryan & Mull v. Defendants SunTrust Bank, Inc., SunTrust Bank, Twin Rivers Insurance Company**

All Plaintiffs, including Kathy Mull, adequately allege a claim of unjust enrichment against Defendants SunTrust Bank, Inc., SunTrust Bank, and Twin Rivers Insurance Company. Inasmuch as it is clear no Plaintiff directly contracted with any Defendant other than SunTrust Mortgage, Inc., Plaintiffs' allegations sufficiently state a claim for unjust enrichment against said Defendants and shall not be dismissed at this early stage of the proceedings.

**C.      California Plaintiffs Lemuel Acosta and Maria Ventrella's Unfair Competition Claims**

A lawsuit alleging violations of California's Unfair Competition Law ("UCL") must be brought within four years of the accrual of the UCL claim.  Cal. Bus. & Prof. Code § 17208.  A claim accrues when wrongdoing, harm, and causation have all occurred.  *Aryeh v. Canon Bus. Solutions, Inc.*, 292 P.3d 871, 875 (2013).  California's Supreme Court has affirmed that common law accrual rules - including equitable tolling, the discovery rule, fraudulent concealment, continuing violation theory, and continuous accrual - all apply to the accrual of UCL claims.  *Id.* at 878.  California and the Third Circuit impose similar burdens on the parties in terms of pleading equitable remedies such as fraudulent concealment.  *Compare Id.* at 879 (defendants have initial burden of demonstrating claims are beyond statute then burden shifts to plaintiff to demonstrate entitlement to exclusion), *with Estate of Miller*, Civ. No. 12-2076, 2013 U.S. App. LEXIS 11884, at * 9 (same).

11

California Plaintiffs Lemuel Acosta and Maria Ventrella brought their UCL claims in excess of four years after their settlement.  As such, it is now incumbent upon said Plaintiffs to demonstrate "(a) the substantive elements of fraud, and (b) an excuse for late discovery of the facts."  *Investors Equity Life Holding Co. v. Schmidt*, 195 Cal. App. 4th 1519, 1533 (2011), *modified*, 2011 Cal. App. LEXIS 741 (Cal. App. 4th Dist. June 15, 2011).  For the reasons set forth in this Court's discussion regarding the propriety of equitable tolling on Plaintiffs' RESPA claim, a determination regarding the propriety of a reprieve from the UCL statute of limitations would be premature absent a more fully developed record.

### D.    Corporate Veil

It is next argued that Plaintiffs have failed to pierce the corporate veil with regard to Defendants SunTrust Banks, Inc. and SunTrust Bank, therefore said Defendants cannot be held liable for the actions of its subsidiaries.  It is well-established that "the appropriate occasion for disregarding the corporate existence occurs when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime."  *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir.1967) (citations omitted).  To that end, factors to be considered include:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder.

*Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-485 (3d Cir. Pa. 2001).

The allegations against Defendants SunTrust Banks, Inc., SunTrust Bank, and SunTrust Mortgage, Inc. as contained within Plaintiffs' First Amended Complaint refer to these three entities collectively, as "Suntrust."[8]  Absent specific allegations pertaining to the allegedly improper conduct of each of these three individual defendants, it is impossible for this Court to assess the relevant factors with regard to SunTrust Banks, Inc. and SunTrust Bank.  Accordingly, limited discovery shall be permitted for Plaintiffs to establish that their claims against said Defendants are properly before this Court.  *See Electromatic (PTY), Ltd. v. Rad-O-Lite of Philadelphia, Inc.,* 90 F.R.D. 182, 184 (E.D. Pa. 1981) (discovery is appropriate if potentially capable of demonstrating "that the various defendants may be so interrelated that their status as independent entities should be disregarded.").

### E.    Compulsory Joinder

Lastly, Defendants argue that Plaintiff Christopher Thurmond has failed to join a necessary party; namely, his mother, Rose Simpson Thurmond, who was the co-obligor on his loan. Much like a 12(b)(6) motion, courts reviewing motions to dismiss under Fed. R. Civ. P. 12(b)(7) are required to accept as true all well pleaded allegations and draw all reasonable inferences in favor of plaintiff.  *Oldcastle Precast, Inc. v. VPMC, Ltd.*, Civ. No. 12-6270, 2013 U.S. Dist. LEXIS 67481, at * 60 (E.D. Pa. May 13, 2013).  To succeed on its Motion to Dismiss pursuant to Rule 12(b)(7), Defendants must demonstrate that Rose Simpson Thurmond is a party that must be joined under Fed. R. Civ. P. 19.  *See Axis Specialty Ins. Co. v. Brickman Grp. Ltd., LLC*, Civ. No. 09-3499, 2010 U.S. Dist. LEXIS 7969 at *15 (E.D. Pa. Jan. 28, 2010) (concluding that failure to satisfy requirements of Rule 19 prevents dismissal pursuant to Rule 12(b)(7)).

---

[8]    In their Response to Defendants' Motion, Plaintiffs reiterate "The Defendants are: SunTrust Banks, Inc., SunTrust Bank, SunTrust Mortgage, Inc. (collectively, "SunTrust") and Twin Rivers Insurance Company ("Twin Rivers") (together with SunTrust, "Defendants"). ¶¶ 19-22."  (Pls.' Opp'n Mot. Dismiss, n.2).

Specifically, Rule 19(a)(1)(B)(ii) governs whether Rose Thurmond is a necessary party that must be joined.  Under said rule, a party is deemed necessary when their absence causes an existing party to the litigation to be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii); *See also, e.g., Wilson v. Can. Life Assur. Co.,* Civ. No. 08-CV-1258, 2009 U.S. Dist. LEXIS 16714, at *10 (M.D. Pa. Mar. 3, 2009) (noting Rule 19 joinder is determined by assessing "whether complete relief can be accorded to the parties to the action in the absence of the unjoined party" and recognizing "'[t]he effect a decision may have on the absent party is not material.'") (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc*., 11 F.3d 399, 405 (3d Cir. 1993)). The rule protects a named party against inconsistent obligations caused by the absence of a party; not against inconsistent adjudications.  *Image Masters, Inc. v. Chase Home Fin.*, 489 B.R. 375, 396 (E.D. Pa. 2013).

The Rule 19(a) assessment is conducted in two stages:

> The initial determination the court must make is whether the absent party is "necessary" to the action under Rule 19. If the court determines the party is "necessary," the party must be joined. If a party does not satisfy the requirements of 19(a), the Court need not inquire further.

> To determine necessity, a court must ask whether complete relief may be accorded to those persons named as parties to the action in the absence of the unjoined party. In making this initial determination, the effect a decision may have on the absent party is immaterial.

*Nat'l Union Fire Ins. Co. v. Essex Ins. Co.*, Civ. No. 13-32, 2013 U.S. Dist. LEXIS 171401, at *19-20 (W.D. Pa. Dec. 5, 2013).  "If a party 'must be joined' under Rule 19(a) but joinder is not feasible for one reason or another, 'the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'"

14

*Malibu Media, LLC v. Does*, Civ. No. 12-2078, 2013 U.S. Dist. LEXIS 620, at *12 (E.D. Pa. Jan. 3, 2013) (citing Fed. R. Civ. P. 19(b)).

In *Marple v. Countrywide Fin. Corp.*, Civ. No. 07-4402, 2008 U.S. Dist. LEXIS 37705 (D.N.J. May 7, 2008), Defendants being sued under RESPA, as well as for consumer fraud and unjust enrichment in New Jersey, similarly argued that a plaintiff's co-obligor on a mortgage loan should be joined as an indispensable party.  The court concluded as follows:

> As Plaintiff's co-obligor, Ms. McGilloway has an interest in this litigation identical to that of Plaintiff. Even though Ms. McGilloway attested to that fact that she did not actually pay for any of the fees at issue, the loan documents bear her name and grant her the same legal standing as Plaintiff. Allowing Ms. McGilloway to avoid involvement in this lawsuit by virtue of her affidavit would set a burdensome precedent, requiring courts to question all potential class members as to whether they actually paid the fees, regardless of their roles as co-obligors. This Court does not see the benefit of invoking another layer of inquiry regarding class membership, particularly given the clear limitations established by the loan documents themselves.
>
> Because Ms. McGilloway is the co-obligor on Plaintiff's mortgage loan, she has the same legal rights as Plaintiff and, thus, an interest in this litigation. To "avoid the possibility of double or inconsistent judgments and to provide complete relief among all parties to the contract[,]" Ms. McGilloway should be joined to this action.

*Id.* at *19-20.

This Court concurs with the reasoning set forth above and therefore finds that in the event it is determined equitable tolling shall apply in this matter, Rose Thurmond must be joined as an indispensable party.

**V.**      **CONCLUSION**

For the reasons set forth hereinabove, Defendants' Motion to Dismiss shall be granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

C. Darnell Jones, II      J.

16