IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER THURMOND; KATHY MULL; JEANNE RYAN; LEMUEL D. ACOSTA; and MARIA E. VENTRELLA, individually and on behalf of all others similarly situated | : : : | |
| Plaintiffs, | : | CIVIL ACTION NO. 11-1352 |
| v. | | |
| SUNTRUST BANKS, INC.; SUNTRUST BANK; SUNTRUST MORTGAGE, INC.; and TWIN RIVERS INSURANCE COMPANY | : : | |
| Defendants. | | |

## **ORDER**

AND NOW, this 26th day of June, 2014, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 65), Plaintiffs' Response thereto (Doc. No. 68), Defendants' Reply to Plaintiffs' Response (Doc. No. 70), and all filings related to supplemental authorities (Doc. Nos. 69, 71, 72, 74-80, 82), it is hereby ORDERED as follows:

(1) Defendants' Motion to Dismiss Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim is DENIED without prejudice and **on or before August 22, 2014**, the parties shall conduct discovery limited to the equitable tolling issue presented by Plaintiffs;

(2) Defendants' Motion to Dismiss Plaintiff Kathy Mull's Unjust Enrichment claim against Defendant SunTrust Mortgage, Inc. is GRANTED;

(3) Defendants' Motion to Dismiss Plaintiffs Thurmond and Ryan's Unjust Enrichment claim against SunTrust Mortgage, Inc. is DENIED;

(4) Defendants' Motion to Dismiss Plaintiffs Acosta and Ventrella's Unjust Enrichment and Unfair Competition claims is DENIED without prejudice, contingent upon the outcome of Plaintiffs' equitable tolling claim;

(5) Defendants SunTrust Banks, Inc. and SunTrust Bank's Motion to Dismiss Plaintiffs' claims against them for failure to pierce the corporate veil is DENIED without prejudice and **on or before August 22, 2014**, Plaintiffs shall conduct limited discovery regarding specific conduct by these two particular defendants in relation to the claims set forth in Plaintiffs' First Amended Complaint; and

(6) Defendants' Motion to Dismiss on the basis of Plaintiffs' failure to join a necessary party is GRANTED.  In the event Plaintiffs are able to establish that equitable tolling shall apply in this matter, Rose Simpson Thurmond must be joined as an indispensable party.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. Darnell Jones, II    J.